## No. 24378

**Eugene E. Arellano v. The People of the State of Colorado**
(493 P.2d 1362)

Decided February 22, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Michael F. Morrissey, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Tennyson W. Grebenar, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

Eugene E. Arellano was convicted by a jury in Denver district court of possession of a narcotic drug, cannabis. He seeks reversal of the judgment of conviction on the sole ground that the trial court improperly instructed the jury on the law of circumstantial evidence. We affirm.

Arellano argues that the People's evidence was primarily circumstantial in nature and, if the jury was improperly instructed, the judgment must be reversed. He contends the instruction failed to plainly and accurately state the law and was so unclear as to confuse the jury rather than guide the jury in its deliberation.

No objection was made to the court's instruction at the time of trial and the claimed error was first raised in defendant's motion for a new trial, which was denied by the court. Under these circumstances, we would here be justified in affirming for the single procedural reason that the contemporaneous objection rule was not followed by Arellano. *Brown v. People,* 158 Colo. 561, 408 P.2d 981. Counsel has a duty under Rule 30 of the Colorado Rules of Criminal Procedure to assist the court by objecting to erroneous instructions and tendering correct instructions. Failure to comply will ordinarily result in his being precluded from raising an objection for the first time on motion for new trial. *See Morehead v. People,* 167 Colo. 287, 447 P.2d

215, and cases cited therein. Additionally, however, we note this Court substantively approved the circumstantial evidence instruction here given in *Pieramico v. People,* 173 Colo. 276, 478 P.2d 304, where the identical instruction was given by the trial court.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.