## No. 25635

**The People of the State of Colorado v. Joseph Scheer**

(518 P.2d 833)

Decided January 21, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant-appellant Joseph Scheer and one Jerry Stilley were arrested and charged with first-degree murder in connection with the shooting death of an off-duty police officer during an attempted holdup of a bar in Denver on March 10, 1962. As a result of a plea bargain, Scheer pleaded guilty to first-degree murder and he was sentenced to life imprisonment on the same day his plea was accepted, November 27, 1962.

Subsequently, defendants Scheer and Stilley moved the trial court under Crim. P. 35(b) for an order vacating the judgment and conviction and permitting them to withdraw their pleas of guilty and enter pleas of not guilty. The motion was denied and the defendants appealed, resulting in this court's decision in *Stilley and Scheer v. People,* 160 Colo. 329, 417 P.2d 494, affirming the trial court.

Thereafter, Scheer petitioned for a writ of habeas corpus in the U.S. District Court, alleging among other things that his plea of guilty was made without an understanding of the

nature of the charges. After a full evidentiary hearing the petition was denied. *Scheer v. Patterson,* Civil Action C-740, D. Colo., October 22, 1969. The court's decision that the guilty plea was ". . . voluntarily made with a full understanding of the charge. . ." was appealed to the U.S. Court of Appeals, which affirmed. *Scheer v. Patterson,* 429 F.2d 907 (10th Cir. 1970).

Scheer commenced the instant action by means of a Crim. P. 35(b) motion on March 13, 1972. The motion alleged the plea was not knowingly, understandingly or intelligently entered and was accepted in violation of Crim. P. 11 in that the court failed to explain to the defendant the nature and elements of the offense and that the defendant is innocent of the charge and possesses a meritorious defense thereto. The motion was heard before the original trial judge who accepted the guilty plea. The main issue was whether the claim had been ruled on in the previous Crim. P. 35(b) or habeas corpus proceedings. The trial judge ruled that the same matter previously had been ruled on by him, by this Court, the U.S. District Court and the U.S. Court of Appeals adversely to the defendant and therefore further consideration was precluded. The judge also held that this court's recent Crim. P. 11 cases do not have retroactive application, citing *Ward v. People,* 172 Colo. 244, 472 P.2d 673. Defendant appeals this ruling. We affirm.

I.

■ Scheer argues that the issue of whether Crim. P. 11 was complied with, in that he was not apprised by the trial court of the elements of the offense to which he pleaded guilty, has not been raised in any previous Crim. P. 35(b) motion or any habeas corpus proceeding in the federal courts. He contends that prior attacks on the validity of his guilty plea were on the issues of voluntariness, coercion and the adequacy of the explanation of the consequences of the plea by the trial court and therefore, that he is not precluded from raising his lack of understanding of the nature of the charge. We disagree with this contention. Crim. P. 35(b) specifically provides:

"The court need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner."

Further, we note the *American Bar Association Standards of Criminal Justice Relating to Post-Conviction Remedies,* § 6.2 (1968): Prior post-conviction proceedings; repetitive applications:

"(a) In general, the degree of finality appropriately accorded to a prior judgment denying relief in a post-conviction proceeding should be governed by the extent of the litigation upon the earlier application and the relevant factual and legal differences between the present and earlier applications. In particular,

\* \* \* \*

"(ii) a judgment denying relief, after plenary evidentiary hearing, to an applicant represented by counsel should be binding on questions of fact or of law fully and finally litigated and decided, unless otherwise required in the interest of justice. A question has been fully and finally litigated when the highest state court to which the applicant can appeal as of right has ruled on the merits of the question. Finality is an affirmative defense to be pleaded and proved by the state."

If we analyze the continuing course of litigation in this case, it is apparent that this issue has already been raised and decided adversely to the defendant. Scheer's brief on appeal to this court after the denial by the trial court of his first Crim. P. 35(b) motion indicates he raised the issue of the trial court's failure to comply with Crim. P. 11. In *Stilley and Scheer v. People, supra,* we affirmed the trial court's denial of the Crim. P. 35(b) motion:

"At the hearing on their motion the defendants elected to stand on the transcript of the proceedings before the trial court. . . and offered no further testimony or evidence. The record clearly discloses that the pleas of guilty were voluntarily, intelligently and advisedly made, and that the defendants knew the consequences thereof. We hold that they are therefore bound by their election."

Further, it is quite clear that the U.S. District Court, in its hearing on defendant's writ of habeas corpus, considered the issue of whether Scheer understood the nature of the charge. The court stated that among the reasons Scheer claimed his plea was not voluntary was that it was made without an understanding of the nature of the charge and penalty. After a full evidentiary hearing the court specifically concluded that the plea. "... was voluntarily made with a full understanding of the charge, the penalty, and the consequences of the plea. . ." *Scheer v. Patterson,* Civil Action C-740, *supra.*

Defendant's challenge to the voluntariness of his guilty plea has been decided adversely to him by both the state and federal courts. Clearly, whether his plea was made with an understanding of the nature of the charge has been ruled on. Scheer cannot continue seeking relief by bringing successive motions based on the same grounds or allegations that have been ruled on adversely to him in prior appeals. We hold that the trial court acted properly in denying Scheer's latest motion. Crim. P. 35(b); *American Bar Association Standards of Criminal Justice Relating to Post-Conviction Remedies,* § 6.2, *supra. See Sanders v. U.S.,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; *People ex rel. Wyse v. Dist. Ct.,* 180 Colo. 88, 503 P.2d 154. Moreover, we would point out that we do not approve of piecemeal post-conviction applications. Where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied. *See American Bar Association Standards of Criminal Justice Relating to Post-Conviction Remedies,* § 6.2(b); *see Murch v. Mottram,* 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194.

## II.

While we affirm the trial court's denial of the Crim. P. 35(b) motion because the issue has previously been raised and decided, we nevertheless will now clarify the issue on the merits.

 Scheer contends that he was not informed that essential elements of the crime of first-degree murder are the specific intent to take a human life with express malice in so doing, and that therefore the advisement given to him by the trial court prior to accepting his plea of guilty was not in compliance with Crim. P. 11. This contention has no substance since, under Colorado law, in felony murder, which was the case here, specific intent to take a human life with malice is not, in fact, an element of that crime. All that is necessary to sustain the charge is that a life be taken during the course of a felony in which the defendant was engaged. *Oaks v. People,* 161 Colo. 561, 424 P.2d 115; *Whitman v. People,* 161 Colo. 110, 420 P.2d 416; *Jones v. People,* 146 Colo. 40, 360 P.2d 686.

 This court has made it clear that *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, is not retroactive in its application, *Ward v. People,* 172 Colo. 244, 472 P.2d 673. In *People v. Mason,* 176 Colo. 544, 491 P.2d 1383, involving a pre-*Boykin* guilty plea, we stated that the record must indicate only that the defendant knew the nature and elements of the crime with which he was charged, and that a factual basis appears in the record to support the plea. The record in this case indicates that after the court accepted the guilty pleas the prosecution proceeded to state to the court and the jury a summary of the prosecution's evidence in the case, which included a full statement about the attempted holdup and shooting. Defendant Scheer and his counsel were present in the courtroom for this recitation and no objection was made. The record further discloses a great deal of discussion between defendant and his counsel before the plea was made concerning the crime and its consequences. We find that there was a factual basis in the record for the plea in this case and that defendant understandingly made his plea.

Accordingly, we affirm.