UNITED STATES of America,
Plaintiff-Appellee,

v.

Artlet SMITH, Defendant-Appellant.

No. 79–1578.

United States Court of Appeals,
Tenth Circuit.

Submitted June 23, 1980.

Decided Aug. 12, 1980.

Rehearing Denied Sept. 12, 1980.

Certiorari Denied Nov. 17, 1980.

See 101 S.Ct. 532.

Duane Miller, Oklahoma City, Okl., for defendant-appellant.

Larry D. Patton, U. S. Atty., and William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

The defendant, Artlet Smith, was convicted after a jury trial of violating 21 U.S.C. § 841(a)(1) by distributing cocaine to an undercover agent, Charlie Barry. In the same proceeding, a mistrial was declared as to four separate charges: two counts of distributing cocaine to an informant, William Young, and two counts of violating 21 U.S.C. § 843(b) by using the telephone to facilitate the sales to Young. We affirm the conviction.

On appeal, Smith urges two grounds for reversal. He alleges that evidence of deeds of misconduct and offenses not charged in the indictments was improperly admitted. He also argues that although the trial court ultimately gave an instruction on entrapment, it erred by advising counsel before closing argument that it would not give the requested instruction. Smith contends that his counsel was thereby precluded from fully arguing his theory of defense to the jury.

I.

*Evidentiary Issues*

"The materiality and relevance of proffered evidence resides in the sound discretion of the trial court, and an appellate court is bound to uphold the decision absent a clear abuse of discretion." *United States v. Martinez*, 487 F.2d 973, 977 (10th Cir. 1973). In the exercise of this discretion, the court must determine whether the probative value of evidence is substantially outweighed by the danger of prejudice. Rule 403, Fed.R.Evid.; *United States v. Krohn*, 573 F.2d 1382, 1389 (10th Cir.), *cert. denied*, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978).

Smith contends it was error to admit evidence of an incident between Smith and the informant Young. Young testified that two weeks prior to trial, Smith followed Young home in his car, pulled into his driveway and made intimidating remarks and gestures. Evidence of threats to a prosecution witness is admissible as showing consciousness of guilt if a direct connection is established between the defendant and the threat, as it was here.

*United States v. Rios*, 611 F.2d 1335, 1349 (10th Cir. 1979); *United States v. Davis*, 487 F.2d 112, 125 (5th Cir. 1973), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); *United States v. Cirillo*, 468 F.2d 1233, 1240 (2d Cir. 1972), *cert. denied*, 410 U.S. 989, 93 S.Ct. 1501, 36 L.Ed.2d 188 (1973).

■ More troublesome is Young's testimony that he was harassed and threatened by unidentified people in the drug community due to his informant activities. As pointed out in *Rios*, such testimony is generally not properly admissible when the conduct is not attributable to the defendant. However, defense counsel did not object to this testimony on the ground of prejudice. Moreover, he began his cross-examination by asking Young additional questions about his life as an informer and its undesirable consequences. Thus, any prejudice resulting from the original testimony was minimized when it was further developed by defense counsel. *See United States v. Sturgis*, 578 F.2d 1296, 1299 (9th Cir. 1978).

In addition, we noted above that the charges against Smith for distributing cocaine to informant Young were the subject of a mistrial. The mistrial was based on the jury's failure to reach an unanimous verdict as to Smith's guilt. If the jury failed to believe Young's testimony that he sold cocaine to Smith, it is highly unlikely that Young's testimony about anonymous threats and intimidation influenced the jury in finding Smith guilty of the sale to Barry, the police undercover agent. Under these circumstances, and in view of the overwhelming evidence of guilt in the sale to Barry, we find any error relating to admission of Young's testimony to be harmless. *See United States v. Lyles*, 593 F.2d 182, 196 (2d Cir.), *cert. denied*, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979); *Chase v. Crisp*, 523 F.2d 595, 598 (10th Cir. 1975), *cert. denied*, 424 U.S. 947, 96 S.Ct. 1418, 47 L.Ed.2d 354 (1976).

■ Smith also urges as error the admission of taped telephone conversations between undercover agent Barry and Smith because they included references to unrelated drug transactions. The phone calls were made two days after the sale for which Smith was tried, and referred to that sale as well as other potential sales of marijuana and cocaine from Smith to Barry. Under Rule 404(b), Fed.R.Evid., evidence of other crimes is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The admission of such evidence requires the trial court to weigh the probative value against the prejudicial effect. *United States v. Bridwell*, 583 F.2d 1135, 1140 (10th Cir. 1978). Smith's defense to the Barry sale was that he only sold the cocaine upon Barry's urging, and did so to enable Barry to resell the drug and raise enough money to make bail for the husband of a mutual friend. The evidence of Smith's willingness and ability to make other sales was clearly relevant to show a plan or ongoing scheme to distribute drugs in order to refute this defense. The close proximity in time between the sale charged and the evidence of other proposed sales made the evidence highly probative. *Id.*

We conclude that the trial court did not abuse its discretion by admitting this relevant evidence, particularly in view of the instruction to the jury limiting its consideration to the purposes permitted by Rule 404(b).

## II.

### The Entrapment Instruction

■ As noted above, Smith's entrapment defense was based on his contention that Barry induced him to make the sale to enable Barry to raise bail for a mutual friend. After the government rested its case, Smith's counsel moved for an acquittal. He renewed the motion prior to closing arguments, and also asked the trial court to rule on his requested entrapment instruction. The trial judge indicated he was undecided whether to give the instruction but doubted that he would. Up to this point in the proceedings, Smith had not admitted making the sale to Barry. "The

law is well settled in this circuit that if the defendant denies the commission of the crime charged, the defense of entrapment is not available to him." *Munroe v. United States*, 424 F.2d 243, 244 (10th Cir. 1970). Thus the tentative decision by the trial judge not to give an entrapment instruction was not error.

In his closing argument, defense counsel admitted for the first time that Smith had indeed sold cocaine to Barry. He then argued that Smith only made the sale because he thought he was helping a friend and would not have done it otherwise. Thereafter, the trial judge gave an entrapment instruction to the jury. He subsequently indicated he became convinced after closing arguments that the instruction should be given because commission of the offense was tacitly admitted and entrapment argued.

Smith now urges that the trial court failed to comply with Rule 30, Fed.R. Crim.P., which requires the court to "inform counsel of its proposed action upon the requests [for jury instructions] *prior* to their arguments to the jury, . . . ." (Emphasis added). Smith argues that had he known the entrapment instruction would be given, he would have argued this theory more vigorously to the jury in his closing. He also contends that he should have been given an opportunity to reopen his argument after the entrapment instruction had been given.

■ The trial court's failure to comply with Rule 30 constitutes reversible error only if the party was unfairly prevented from arguing his defense to the jury or was substantially misled in formulating his arguments. *United States v. Pommerening*, 500 F.2d 92 (10th Cir. 1974); *Whitlock v. United States*, 429 F.2d 942 (10th Cir. 1970). Here the trial court's tentative decision not to give the instruction did not prevent Smith from presenting what was essentially an entrapment defense in his closing argument. Therefore, we do not believe the trial court's indecision substantially misled Smith in presenting his defense.

■ Smith argues on appeal that he should have been permitted to reopen his closing argument so as to pursue his entrapment theory more vigorously. In *Downie v. Powers*, 193 F.2d 760, 767 (10th Cir. 1951), we stated that the opportunity to reopen should be given if justice requires the facts to be reargued in light of the changed law of the case. Smith does not contend that he would have restructured his argument, but only that he would have argued more vigorously and completely. Moreover, he made no request to the trial judge to reopen his closing argument after the entrapment instruction was given. Under these circumstances, we do not find reversible error.

Affirmed.