The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

David COWDEN, Defendant-Appellant.

No. 85SA246.

Supreme Court of Colorado, En Banc.

April 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hill and Corrigan, Mark S. Gregory, Colorado Springs, for defendant-appellant.

ERICKSON, Justice.

Defendant David Cowden (Cowden or defendant) was charged and convicted of six counts of felony theft. *See* § 18–4–401(1), (2)(c), 8 C.R.S. (1978).[1] Defendant contends on appeal that: (1) section 18–4–401(1) denies him equal protection of the law, and (2) plain error occurred when the trial court failed to instruct the jury that the value of the alleged stolen articles was an element of the crime of theft. We reject the constitutional attack on the statute, reverse the conviction on the second count, and affirm the convictions on the remaining counts.[2]

I.

Cowden owned and operated the Old Warehouse Antique Mart in Colorado Springs, Colorado from December 1979 to January 15, 1982. He leased a building and sublet stalls within the building to vari-

---

1. Title 18 of the Colorado Revised Statutes is now codified in 8B C.R.S. (1986). For purposes of clarity, we refer to the statutory compilation as it existed at the time of the defendant's trial.

2. We accepted jurisdiction of this case from the court of appeals because the defendant challenges the constitutionality of the felony theft statute, section 18–4–401, 8 C.R.S. (1978). *See* §§ 13–4–110(1)(a), 13–4–102(1)(b), 6 C.R.S. (1973).

ous antique vendors. The sublessees paid the defendant a percentage of the sales price of any item sold. Cowden also accepted items on consignment, which he undertook to sell for the owner in exchange for a percentage of the sales price.

The evidence shows that the Antique Mart lost money in the Fall of 1981, and the building lease was terminated on January 15, 1982. Defendant vacated the premises and removed all of the consigned property. Six of defendant's consignors filed complaints with the Consumer Affairs Division of the El Paso County District Attorney's Office, and alleged that defendant had neither returned their consigned property nor paid them a percentage of the sales price. Efforts to recover the property were fruitless and an information was filed charging the defendant with one count of felony theft as to each victim.

In its instruction, the trial court failed to state that the jury was required to find that the value of the stolen property was between $200 and $10,000 to convict the defendant of violating section 18-4-401(2)(c), 8 C.R.S. (1978). The defendant did not object to the instruction as given. Defense counsel argued that the theft statute denied the defendant equal protection of law because a conviction could be obtained by proving that the defendant acted either intentionally or knowingly. The defendant was convicted and was sentenced on each count to concurrent three year terms in the Department of Corrections.

## II.

Cowden argues that section 18-4-401(1)(a) and (b), 8 C.R.S. (1978), denies him equal protection of the law because the

statute, by specifying alternative culpable mental states of "knowingly" and "intentionally," authorizes the same penalty for two distinct criminal acts. In our view, the felony theft statute is not unconstitutional and does not deny an accused equal protection of the law.

Section 18-4-401, 8 C.R.S. (1978), states in pertinent part:

(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) *Intends* to deprive the other person permanently of the use or benefit of the thing of value; *or*

(b) *Knowingly* uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit.

(Emphasis added.) The trial court's instruction to the jury complied with the statutory language.[3]

 The guaranty of equal protection is violated if different statutes impose different penalties for the same criminal conduct. *See, e.g., People v. Weller*, 679 P.2d 1077 (Colo.1984); *People v. Aragon*, 653 P.2d 715 (Colo.1982); *People v. Marcy*, 628 P.2d 69 (Colo.1981); *People v. Scott*, 200 Colo. 402, 615 P.2d 680 (1980). Equal protection is not violated where the General Assembly prescribes the same punishment for different types of criminal conduct. *Aragon*, 653 P.2d at 719. Under the theft statute, the gradation of the criminal offense is determined by the value of the thing taken, not by the defendant's *mens rea*. § 18-4-401(2), 8 C.R.S. (1978). The use of alternative mental states in the definition reflects the General Assembly's de-

---

3. The trial court's instruction on the elements of theft stated:

A person commits the crime of Theft if: He knowingly obtains or exercises control over anything of value of another without authorization and: intends to deprive such other person permanently of the use and benefit of the thing of value, or knowingly uses, conceals or abandons the thing of value in such manner as to permanently deprive such other person of its use and benefit.

The elements of Theft are therefore:
(1) Knowingly:

(a) obtaining or exercising control over
(b) anything of value of another
(2) Without authorization and
(a) either the Defendant has the specific intent to deprive such other person permanently of the use and benefit of the thing of value,

or

(b) the Defendant knowingly uses, conceals or abandons the thing of value in such a manner as to deprive such other person permanently of its use or benefit.

termination that, whether committed intentionally or knowingly, the crime of theft "is equally heinous in the eyes of the law and deserving of similar punishment." *People v. Quick,* 713 P.2d 1282, 1286 (Colo.1986). No legitimate equal protection issue is raised by defendant's argument. *Id.*

### III.

At the time of the alleged crimes, theft was a "class 4 felony if the value of the thing involved is two hundred dollars or more but less than ten thousand dollars." § 18–4–401(2)(c), 8 C.R.S. (1978).[4] The prosecution concedes that the theft instruction erroneously omitted the element of the value of the stolen property.

■ It is the duty of the trial court to instruct the jury properly on all matters of law and instructions that fail to define all the elements of an offense are deficient. *Ramirez v. People,* 682 P.2d 1181, 1184 (Colo.1984); *People v. Mattas,* 645 P.2d 254, 257 (Colo.1982). The defendant did not object to the instruction as given, however, and our review is limited to whether the erroneous instruction constituted plain error. *Espinoza v. People,* 712 P.2d 476, 478 (Colo.1985); *Ramirez,* 682 P.2d at 1183; *People v. Weller,* 679 P.2d 1077, 1081 (Colo.1984); *Mattas,* 645 P.2d at 257. Plain error affects substantial rights of the accused, Crim.P. 52(b), and the record must demonstrate a "reasonable possibility that the alleged erroneous instruction contributed to the defendant's conviction," *Weller,* 679 P.2d at 1081. *See also People v. Rubanowitz,* 688 P.2d 231, 239 (Colo.1984). Failure to instruct properly on an element of a crime does not constitute plain error where that element is not contested at trial, or where evidence of the defendant's guilt is overwhelming. *Espinoza,* 712 P.2d at 478; *Rubanowitz,* 688 P.2d at 239–40.

■ The erroneous instruction which omitted the element of value contributed to the defendant's conviction on the second count of theft. The victim testified that she had consigned a lamp to the defendant and that the lamp's value was $195. Neither the prosecution nor the defendant introduced other evidence of the lamp's value. Had the jury been properly instructed, it is reasonably possible that the defendant would have been acquitted of the second count of theft of $200 or more. We reverse the conviction and sentence on count two, and remand to the trial court for resentencing on the lesser included offense of misdemeanor theft, § 18–4–401(2)(b), 8 C.R.S. (1978) (theft of over $50 but under $200).

■ The defendant's convictions are affirmed on the other five counts of felony theft. Each of the remaining victims testified that the antiques that they consigned to the defendant were worth at least $200.[5] Cowden did not contest the value of the items consigned to him. Cowden's position was that he did not intend to commit theft, that his business failed, and that the loss should be redressed in a civil action.[6] In cross-examining the victims, counsel made only cursory references to the claimed value of the missing items. The record demonstrates that the value of the property

4. The defendant was charged with acts of theft occurring between January 1, 1982 and April 2, 1982. The theft statute has been amended to classify as a class 4 felony theft of property having a value of between $300 and $10,000. Ch. 131, sec. 5, § 18–4–401(2)(c), 1984 Colo.Sess. Laws 535, 536. The amended statute applies to acts committed on or after July 1, 1985. Ch. 131, Sec. 19, 1984 Colo.Sess.Laws 535, 540.

5. Count One alleged that Cowden committed theft of "personal property (antiques on consignment) of VICTOR CUBILETTE...." Cubilette testified that the consigned property was worth $14,000.

 Count Three alleged that Cowden committed theft of "personal property (antiques on consignment) of Margaret McCue...." McCue testified that twenty to twenty-five pieces of prop-

erty were missing, with a total value of $1,400 to $2,100.

 The victim specified in the fourth count, Donna Bridges, testified that she was missing antiques valued at $303.

 JoAnn Anderson, the victim specified by the fifth count, testified that $4,800 worth of antiques were unaccounted for.

 Gertrude Aplin testified that her consigned antiques, which could not be located and for which she had not been paid, had a value of $560.

6. The jury was instructed on the defendant's theory of defense:

 The Defendant, David N. Cowden, maintains that he entered into business arrangements with the alleged victims in this case, Victor Cubilette, Dolores Schoenherr, Marga-

alleged to be stolen in the first and third through sixth counts was not a controverted element of the offenses. The trial court's failure to instruct the jury as to the value was not plain error, and the defendant's conviction of the five remaining counts will not be disturbed. *See Espinoza v. People*, 712 P.2d at 478 (defective instruction concerning mental state of "knowingly" was not plain error where defendant's theory of defense was mistaken identity and evidence of guilt was overwhelming); *People v. Weller*, 679 P.2d at 1081–82 (failure of court to define phrase "attempt to cause bodily injury" in second-degree assault statute was not plain error where element of attempt was never contested at trial and the uncontroverted evidence established attempt to cause bodily injury.)

The defendant's convictions on all but count two are affirmed and the case is remanded to the trial court for resentencing on count two according to the directions contained in this opinion.

ret McCue, Donna Bridges, JoAnn Anderson and Gertrude Aplin, and that he was unable to fulfill his business obligations to them. However, he denies that he specifically intended to permanently deprive the owners of the property or money due them or that he knowingly acted in such a manner as to permanently deprive them of the use of their property or money.

If you are not convinced beyond a reasonable doubt that the Defendant, DAVID N. COWDEN, either intended to permanently deprive one or more of the alleged victims of their property or money, or that he knowingly acted in such a manner as to permanently deprive one or more of them of their property or money, then you should find him not guilty of such count or counts.