The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
October 4, 2018

## 2018COA146

**No. 15CA1722 People v. Oliver — Crimes — Possession of
Weapons by Previous Offenders; Constitutional Law — Sixth
Amendment — Right to Trial by Jury**

A division of the court of appeals concludes that entry of a
conviction for possession of a weapon by a previous offender
(POWPO) violated the defendant's constitutional right to trial by
jury. The defendant did not personally waive his right to have the
jury return a verdict on the POWPO charge, even if counsel
attempted to waive this right on the defendant's behalf. Thus, the
conviction must be reversed and the case remanded for a new trial
on this charge.

Court of Appeals No. 15CA1722
City and County of Denver District Court No. 14CR4171
Honorable Martin F. Egelhoff, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

John R. Oliver,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE WEBB
Harris and Welling, JJ., concur

Announced October 4, 2018

Cynthia H. Coffman, Attorney General, Ellen M. Neel, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jeanne Segil, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     This case calls on us to distinguish between defense counsel's power to stipulate to an element of an offense and the defendant's sole prerogative to personally waive the right to trial by jury on that offense.  After a jury trial on two felony menacing charges against defendant, John R. Oliver, the jury acquitted him on one count and hung on the other.  Then the trial court entered a judgment of conviction for possession of a weapon by a previous offender (POWPO) — a charged offense on which the jury had not been instructed.  The court did so based only on the jury's "yes" answer to a special interrogatory, which had been approved by Oliver's counsel, that asked whether Oliver had possessed a firearm, plus counsel's stipulation that Oliver was a previous offender.

¶ 2     We conclude that because Oliver did not personally waive his right to have the jury return a verdict on the POWPO charge, even if counsel attempted to waive this right on Oliver's behalf, entry of the POWPO conviction violated Oliver's constitutional right to trial by jury.  We further conclude that the conviction must be reversed and the case remanded for a new trial on this charge.

## I. Background

¶ 3      Investigating a report of a shooting with gang overtones, police officers obtained from the participants — none of whom had been hit — differing accounts of what had happened. Ultimately, the police arrested Oliver and the prosecution charged him with three counts of felony menacing (deadly weapon) and one count of POWPO. The victims of the alleged menacing were G.M., T.M., and D.B. Jr. Later, the prosecution dismissed the count involving G.M.

¶ 4      Before trial, the parties agreed to bifurcate the POWPO count, with the defense objective being to avoid the jury learning that Oliver was a prior offender while it decided the menacing counts. Thus, POWPO was not mentioned in voir dire or opening statements. Oliver defended on the theory that, while he did possess a firearm, which his counsel admitted in opening statement, because he feared the victims were gang members, he was entitled to possess the firearm for self-defense.

¶ 5      Near the end of the trial, however, defense counsel agreed with the court's suggestion of using a special interrogatory on possession instead of having a separate trial on the POWPO count after the jury returned its verdict on the menacing counts. Then counsel

stipulated that Oliver's juvenile adjudication for sexual assault on a child satisfied the prior offender element of POWPO, apparently to avoid possible prejudice from the jury speculating about the conduct underlying the adjudication.

¶ 6    The trial court gave the jury a special interrogatory on possession, which included choice of evils.  (Although Oliver had discussed self-defense with the court, he does not challenge this aspect of the instruction on appeal.)  But neither Oliver's prior adjudication nor POWPO was mentioned in any instruction, during trial, or in closing arguments.

¶ 7    The jury found Oliver not guilty of having menaced T.M., left blank the verdict form for the count involving D.B. Jr., and answered "yes" to the special interrogatory, thereby rejecting the choice of evils defense.  The trial court declared a mistrial as to the menacing count involving D.B. Jr., which was later dismissed on the prosecution's motion.  Then the court entered a judgment of conviction for POWPO, which it based on the special interrogatory answer and the stipulation.

¶ 8    Oliver appeals on the sole basis that the jury never returned a guilty verdict on the POWPO charge.  Instead, he contends, the trial

3

court effectively directed a verdict in violation of his federal and state constitutional rights to trial by jury, which he did not personally waive.

## II. Preservation and Standard of Review

¶ 9     Oliver concedes that his jury trial contention was not raised in the trial court. Still, he asserts that review is de novo and, because structural error occurred, we must remand for a new trial on the POWPO charge. The Attorney General responds that, assuming the error was structural, Oliver's counsel waived his contention, as did Oliver. But even if the contention was not waived, the Attorney General continues, we should review only for plain error and the record does not show prejudice. Oliver replies that his counsel could not waive his right to a jury trial and he did not personally do so. Oliver is correct.

¶ 10     To begin, the Attorney General is correct that raising structural error only gets Oliver so far. After all, "even fundamental rights can be waived, regardless of whether the deprivation thereof would otherwise constitute structural error." *Stackhouse v. People*, 2015 CO 48, ¶ 8. But because the jury trial right is one of the few rights that can only be waived by a defendant personally, whether

4

his counsel's actions constituted waiver is immaterial. *See People v. Bergerud*, 223 P.3d 686, 693-94 (Colo. 2010) ("Decisions such as whether to . . . waive a jury trial . . . are so fundamental to a defense that they cannot be made by defense counsel, but rather must be made by the defendant himself.").

¶ 11    Further, and contrary to the Attorney General's argument for plain error review, entry of a judgment of conviction absent a jury verdict of guilty is structural error that cannot be rendered harmless, despite the weight of the evidence. *See, e.g., Sanchez v. People*, 2014 CO 29, ¶ 18 ("[T]he entry of a judgment of conviction for a crime not supported by a unanimous verdict beyond a reasonable doubt rises to the level of structural error."); *Medina v. People*, 163 P.3d 1136, 1141 (Colo. 2007) ("Instead of receiving an impartial jury verdict convicting her of all elements beyond a reasonable doubt, the trial court essentially judged Medina guilty of a new and different crime.").

¶ 12    Alternatively, the Attorney General argues that either we should conclude that Oliver personally waived this right on the existing record or the question whether he did so must be decided

on an additional record developed under Crim. P. 35(c).  This argument misses the mark in two ways.

¶ 13    First, the Attorney General relies on various discussions among counsel and the trial court, all in Oliver's presence, about what would be resolved by stipulation and what would be left for the jury to decide.  To be sure, Oliver said nothing during this colloquy.  But a defendant's waiver of the jury trial right must be affirmative, not an inference of acquiescence from the defendant's silence.  *See Rice v. People*, 193 Colo. 270, 272, 565 P.2d 940, 942 (1977) ("[A] requirement that the defendant personally waive the right to a trial by jury alleviates the difficult task presented to an appellate court that is seeking to determine the meaning of the defendant's silence."); *see also Boykin v. Alabama*, 395 U.S. 238, 243 (1969) ("We cannot presume a waiver of [the right to a jury trial] from a silent record.").

¶ 14    Second, a defendant can challenge waiver under Crim. P. 35(c) on the basis of facts "that are not contained in the direct appeal record." *People v. Walker*, 2014 CO 6, ¶ 11 (citation omitted).  But Oliver does not point to any such facts and for good reason — the record is devoid of the requisite affirmative waiver.  In other words,

6

he is not challenging the efficacy of such a waiver. And the Attorney General is arguing only that further evidence could show his counsel explained to him the effect of the stipulation. But such evidence would be irrelevant because even well-informed silence does not constitute a waiver. *See Rice*, 193 Colo. at 271, 565 P.2d at 941 ("If a waiver could be implied from a defendant's failure to object to his counsel's statement, there would be an increased danger of misinterpretation with respect to a right considered one of the most important in our democracy.").

¶ 15 For these reasons, the dispositive question is whether Oliver's POWPO conviction was entered in violation of his right to a jury trial. This is a question of law subject to de novo review. *People v. Laeke*, 2012 CO 13, ¶ 11 ("A defendant's right to a jury trial is an issue of law."). And if such an error occurred, it is structural. *People v. Munsey*, 232 P.3d 113, 118 (Colo. App. 2009).

### III. The Trial Court's Entry of a Judgment of Conviction on POWPO Deprived Oliver of His Right to Have a Jury Return a Verdict on this Charge

¶ 16 Oliver contends the POWPO conviction violated his constitutional right to a jury trial because the jury did not know that he was charged with POWPO, the jury was not instructed on

7

the POWPO element of prior offender status, and the jury did not return a verdict finding him guilty of POWPO. The Attorney General responds that where a stipulation has narrowed determining guilt or innocence to a single factual question, allowing the jury to answer only that question — here POWPO — satisfies this right. Again, Oliver is correct.

## A. Law

¶ 17 In criminal cases, the constitutional guarantee of a trial by jury permits conviction only on a jury verdict finding the defendant guilty of having committed every element of the crime charged. *Sanchez*, ¶ 13. Stated differently, a court is prohibited from "entering a conviction for an offense other than that authorized by a jury's verdict, or directing a verdict for the State, no matter how overwhelming the evidence." *Id.*

¶ 18 In addition, "the trial court has a duty to instruct the jury properly on all of the elements of the offenses charged." *People v. Wambolt*, 2018 COA 88, ¶ 38 (quoting *People v. Bastin*, 937 P.2d 761, 764 (Colo. App. 1996)). And "[t]he jury cannot decide a charge on which it was not instructed." *Id.*

## B. Analysis

¶ 19    True, Oliver's POWPO conviction required only three facts to be determined: previous offender status, stipulated to by defense counsel but not considered by the jury; possession of a firearm, admitted by defense counsel in opening statement, which to no one's surprise the jury found; and lack of justification under the choice of evils doctrine, defendant's sole defense throughout the trial, which the jury also resolved against him.  But regardless of the stipulation and the jury's resolution of the two remaining facts, the jury was never told that it was deciding the POWPO charge.

¶ 20    A similar problem arose in *Wambolt*, albeit in a more complicated setting.  There, the defendant was tried for driving under the influence (DUI) and for driving after revocation prohibited (DARP).  The jury was given a special interrogatory verdict form on aggravated driving after revocation prohibited (ADARP).  The jury convicted him of DARP but hung on DUI, so it did not complete the special interrogatory.

¶ 21    In a second trial for DUI and ADARP, the jury found Wambolt guilty of driving while ability impaired (DWAI), as a lesser included offense of DUI.  Then the trial court told the jury that it would now

9

consider a second offense, aggravated driving after revocation prohibited. However, the jury was not given an instruction on ADARP. Instead, the court gave an instruction listing the DARP elements and a special interrogatory asking whether the prosecution had proven those elements as well as DWAI. After the jury answered this interrogatory "yes," the court convicted the defendant of DWAI and ADARP.

¶ 22    On appeal, the division concluded that the defendant had essentially been tried again for DARP, which was a double jeopardy violation. As relevant here, it eliminated the ADARP conviction from the double jeopardy analysis because

> the trial court did not instruct the jury on the elements of the charged offense: ADARP. The only "instruction" even indicating that [the defendant] had been charged with ADARP was the special interrogatory, and even the interrogatory did not refer to the offense as ADARP.

*Id.* at ¶ 38.

¶ 23    Unlike in this case, the division did not explain defense counsel's role — if any — in the procedures followed at the second trial. But, as discussed above, this is a difference not a distinction because counsel cannot waive a defendant's right to a jury trial.

10

¶ 24 The cases also differ in that Wambolt's counsel had not stipulated to any of the elements of ADARP. (DARP and ADARP differ only in the need to prove DUI or DWAI for ADARP.) And Oliver argues that one of the two ways in which his counsel gave away his right to a jury trial was in stipulating to the element of his prior offender status. Regardless, we do not consider that difference sufficient to depart from *Wambolt*.[1]

¶ 25 In declining to distinguish *Wambolt* on this basis, we agree with the Attorney General that Colorado law suggests counsel can stipulate to an element. *See People v. Roy*, 948 P.2d 99, 102 (Colo. App. 1997) (rejecting the argument that "[n]otwithstanding his stipulation, defendant contends that, by advising the jurors that they 'must,' rather than 'may,' regard the stipulated fact as conclusively proven, the court removed an essential element from the jury's consideration").

¶ 26 As well, other jurisdictions recognize that counsel may do so. *See United States v. DeLeon*, 247 F.3d 593, 598 (5th Cir. 2001)

---

[1] Although the decision of an earlier division does not bind a second division, "the later division should give the prior decision some deference." *People v. Bondsteel*, 2015 COA 165, ¶ 14 (*cert. granted* Oct. 31, 2016).

11

("[T]he jury charge did not list the quantity of marijuana as an element of the offenses. Such an omission cannot be plain error, however, where as here, the defendant stipulated at trial that the substance seized was 1035.2 pounds (469.47 kilograms) of marijuana."); *United States v. Mason,* 85 F.3d 471, 472 (10th Cir. 1996) ("[T]he jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element. In the latter circumstance, the judge has not removed the consideration of an issue from the jury; the parties have. More specifically, by stipulating to elemental facts, a defendant waives his right to a jury trial on that element."); *United States v. James*, 987 F.2d 648, 656 (9th Cir. 1993) ("A stipulation as to an essential element of an offense, however, waives a defendant's right to a jury decision on the existence of that element. Whether or not the jury knew of the stipulation is immaterial. Had the jury been told of the stipulation, it would have been required to consider that the facts in the stipulation had been conclusively proved.") (citation omitted); *State v. Olin,* 725 P.2d 801, 815 (Idaho Ct. App. 1986) ("Some cases hold that failure to instruct on a necessary element may be harmless if the element in question has been conceded by the

defendant, either by stipulation or by the plain thrust of his own evidence. *E.g.*, *Hopper v. Evans*, 456 U.S. 605, 102 S. Ct. 2049, 72 L. Ed. 2d 367 (1982); *People v. Ford*, 60 Cal.2d 772, 36 Cal. Rptr. 620, 388 P.2d 892 (1964).").[2]

¶ 27     But we part ways with the Attorney General based on *Wambolt*'s holding — to return a verdict, the jury must have been instructed on the offense. And this is the other way in which Oliver argues that his counsel gave away his right to a jury trial, even if counsel acted properly in stipulating to his prior offender status.

¶ 28     Although the *Wambolt* division did not cite authority supporting this aspect of its decision, other jurisdictions are in accord. *See, e.g.*, *Commonwealth v. Durham*, 57 S.W.3d 829, 837 (Ky. 2001) ("Trial courts' jury instructions in criminal cases cannot . . . consist solely of the fact-based interrogatories and/or special verdicts . . . ."); *State v. Douglas*, 676 S.E.2d 620, 624 (N.C. Ct. App. 2009) ("[T]he jury did not fulfill its constitutional responsibility to make an actual finding of defendant's guilt" where the "verdict form . . . only required the jury to make factual findings

---

[2] The better practice would be to instruct the jury on all elements of the offense, then further instruct the jury on any stipulations.

on the essential elements of the charged crimes and . . . the jury did not make an actual finding of defendant's guilt.").

¶ 29      In the end, just as in *Wambolt*, the trial court never told Oliver's jury that it was deciding the POWPO charge. And this anomaly requires reversal, even if his counsel properly stipulated to the prior offender element. For these reasons, the trial court's entry of a judgment of conviction on this charge violated Oliver's constitutional right to a jury trial.[3]

## IV. Conclusion

¶ 30      The judgment is reversed and the case is remanded for a new trial on this charge.

JUDGE HARRIS and JUDGE WELLING concur.

---

[3] In so holding, we acknowledge that POWPO charges are often bifurcated from the trial of other charges. As well, defense counsel frequently seek to remove prejudicial evidence from the jury's view by stipulation. But if either approach leaves the trial court poised to impose a judgment of conviction without the benefit of a jury verdict on that offense, then the court must advise the defendant and obtain a constitutionally adequate, affirmative, knowing, and intelligent waiver of the right to a jury trial.