FILED
United States Court of Appeals
Tenth Circuit

April 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH GLIDEWELL, JR.,

Defendant-Appellant.

No. 10-8072

(D. of Wyo.)

(D.C. No. 2:10-CR-00033-WFD-3)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Kenneth Glidewell, Jr. pleaded guilty to illegally trafficking oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Glidewell appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

In 2009, Glidewell joined an existing conspiracy to distribute oxycodone. As part of the conspiracy, Glidewell's mother, Anastasia Grillo, acquired oxycodone under prescriptions issued to her for the treatment of pain. Grillo then unlawfully sold the oxycodone to others, who distributed the drug in Wyoming. During the conspiracy, some customers accrued drug debts to Grillo. For his part in the conspiracy, Glidewell attempted to collect these debts, and he sought to prevent customers from revealing the conspiracy to law enforcement.

In March 2010, the United States charged Glidewell with one count of conspiring to traffic oxycodone. Two months later, Glidewell pleaded guilty pursuant to an agreement with the government. The plea agreement stipulated facts supporting Glidewell's proposed guilty plea and advised Glidewell of the effects of the United States Sentencing Guidelines (USSG). The agreement further provided that the government would dismiss a previously filed information, urge the district to court grant Glidewell a four-offense-level variance under 18 U.S.C. § 3553(a) to account for his minimal role in the conspiracy, and recommend a three-level downward adjustment under USSG § 3E1.1 to reflect his acceptance of responsibility.

At his change-of-plea hearing, Glidewell established he was competent to proceed, he fully and adequately reviewed the indictment, and he knowingly and voluntarily signed the plea agreement after thorough consultation with his lawyer.

The court advised Glidewell about the sentencing guidelines and the fact that although the court was bound to consider them, it was not legally required to apply them in any given case. During the colloquy, Glidewell provided a factual basis for his plea by admitting he was involved in his mother's oxycodone conspiracy.

Under the USSG, Glidewell was a career offender subject to a base offense level of 32, an adjusted offense level of 29, and a criminal history category of VI, by virtue of the career offender guidelines. Accordingly, the presentence investigation report's recommended sentencing range was 151–188 months. At sentencing, the court agreed that Glidewell was a minor participant in the drug conspiracy and, in line with the government's recommendation, granted him a four-level downward variance based on the § 3553(a) factors. After the variance, Glidewell's total offense level was 25, and the resulting sentencing range was 110–137 months. After considering the § 3553(a) factors, the court sentenced Glidewell to 110 months' imprisonment, 3 years' supervised release, and a $100 special assessment.

## II. Discussion

Glidewell raises two challenges to his sentencing. First, he contends his sentence is procedurally unreasonable because the district court failed to properly consider the § 3553(a) factors. Second, he claims his 110-month sentence is substantively unreasonable.

**A. Procedural Reasonableness**

For a sentence to be procedurally reasonable, the sentencing court must have appropriately considered the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). Glidewell contends the district court erred by not properly considering "the nature and circumstances of the offense," under § 3553(a)(1), and the need to avoid unwarranted sentencing disparities among similarly situated defendants, under § 3553(a)(6).

Because Glidewell did not object to the district court's § 3553(a) analysis, we review only for plain error.[1] *See* Fed. R. Crim. P. 52(b); *United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir. 2009). Under plain error review, we may not reverse unless we find "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Balderama-Iribe*, 490 F.3d 1199, 1203–04 (10th Cir. 2007) (quotation omitted). Glidewell bears the burden of demonstrating plain error. *Id.*

In this case, we find no error at all. First, the district court clearly considered the "nature and circumstances of the offense," as required by

---

[1] At sentencing, the judge specifically asked Glidewell's counsel: "[H]ave I addressed all the matters that needed to be addressed under 3553(a)?" R., Vol. III at 158. Glidewell's counsel responded: "I believe so, Your Honor. Thank you." *Id.*

§ 3553(a)(1).  At the sentencing hearing, both Glidewell and the government spent considerable time discussing Glidewell's minimal role in the conspiracy. And as explained, the district court agreed with the parties' characterization of Glidewell's role and granted a four-level downward variance.  This suggests the court directly and specifically considered "the nature and circumstances of the offense."  § 3553(a)(1).

Second, the district court did not err in failing to compare Glidewell's sentence to those of his codefendants.  Section 3553(a)(6) "does not require the sentencing court to compare the sentences of codefendants; rather, it looks to uniformity on a national scale." *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008).  Glidewell has not made any suggestion that his sentence is disparate *vis-a-vis* similarly situated defendants nationwide.  And although the district court did not specifically reference § 3553(a)(6), it was not required to do so.  "We do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (quotation omitted).  In this vein, it is generally sufficient for a court to address the § 3553(a) factors "en masse" in connection with explaining its justification for the sentence imposed. *Id.*; *United States v. Burdex*, 100 F.3d 882, 886 (10th Cir. 1996).

Accordingly, the record reflects the district court's careful consideration of the § 3553(a) factors.

## B. Substantive Reasonableness

We review the substantive reasonableness of a defendant's sentence for abuse of discretion. *See United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007). Under this deferential standard, we may overturn Glidewell's sentence only if the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). In this regard, we assess whether Glidewell's sentence is reasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotation omitted).

Glidewell contends his 110-month sentence is substantively unreasonable because (1) given his peripheral role in the drug conspiracy, he should have received a less onerous sentence; (2) the district court overweighted his significant criminal history; and (3) his sentence is disproportionately severe in comparison to sentences received by other, more culpable participants in the drug conspiracy.

Glidewell's arguments are unavailing. A sentence within a properly calculated guidelines range is presumed to be reasonable. *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008). Glidewell's sentence was outside the guideline range—but this worked to his advantage. Indeed,

Glidewell's 110-month sentence was significantly *below* his 151–188 month guideline sentencing range. The court credited Glidewell's marginal participation in the criminal scheme to arrive at this lower sentence, despite Glidewell's criminal history category of VI and the fact that the career offender guidelines do not provide courts a mechanism to account for a defendant's minimal participation in a drug offense. USSG §§ 4B1.1(a) and (b). This was not an abuse of discretion.

We also find no evidence that the district court abused its discretion by taking into consideration Glidewell's extensive criminal history, given that Congress made criminal history an explicit component of the USSG. Finally, the court did not abuse its discretion by failing to adjust Glidewell's sentence so as to eliminate sentencing disparities between him and his codefendants. As explained above, although a sentencing court is permitted to account for sentencing disparities among codefendants, it is not required to. *Ivory*, 532 F.3d at 1107.

### III. Conclusion

For the reasons stated above, we AFFIRM Glidewell's sentence.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge