**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PASCUAL VAZQUEZ-VILLA,

Defendant-Appellant.

No. 10-3138
(D.C. No. 5:09-CR-40061-SAC-1)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

After a federal jury convicted Pascual Vazquez-Villa of various drug

offenses—including possession with intent to distribute more than 500 grams of a

mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1)—the

district court sentenced him to 25 years' imprisonment. On appeal, Vazquez-

Villa challenges the district court's evidentiary rulings and sentencing decision.

We conclude the district court did not commit reversible error in admitting

evidence relating to the search of Vazquez-Villa's vehicle; allowing testimony

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

regarding threats to witnesses; or sentencing Vazquez-Villa to 25 years' imprisonment.

Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

From 2008 to 2009, the Kansas Bureau of Investigation (KBI) conducted an extensive narcotics investigation that eventually led officers to Vazquez-Villa's Kansas-based methamphetamine enterprise. Through wire taps and other surveillance, KBI agents learned Vazquez-Villa was a leader in a conspiracy spanning multiple states and involving at least seven other conspirators.

The investigation culminated in June 2009, when Kansas police searched Vazquez-Villa's residence and trailer and seized more than 500 grams of methamphetamine, nearly $100,000 in cash, and paraphernalia associated with narcotics distribution. Vazquez-Villa was arrested and charged with one count of conspiring to possess with the intent to distribute 500 grams or more of methamphetamine mixture; one count of possessing with the intent to distribute 500 grams or more of methamphetamine; and eleven counts of unlawfully using a communication facility in furtherance of the conspiracy. *See* 21 U.S.C. §§ 846 (Count 1), 841(a)(1) (Count 2), and 843(b) (Counts 3–13).

At trial, numerous governmental witnesses testified about KBI's investigation—including its search of Vazquez-Villa's vehicle, residence, and trailer—and several other witnesses provided details of Vazquez-Villa's

methamphetamine trafficking enterprise. For example, Renato Garcia-Medina described his role in selling methamphetamine for Adam Molina, a significant methamphetamine distributor and one of Vazquez-Villa's drug sources; he also testified about receiving a telephone call from Vazquez-Villa, who told Garcia-Medina that "he wanted methamphetamine." R., Vol. IV at 392. Alleged co-conspirator Jose Aranda-Meza offered similar testimony.

Furthermore, Vazquez-Villa's brother-in-law testified about an incident where Molina left him approximately one pound of methamphetamine to give to Vazquez-Villa, and another where the brother-in-law stored a box of methamphetamine for Vazquez-Villa. The jury also heard evidence obtained from wiretap surveillance and police searches.

A federal jury found Vazquez-Villa guilty on all counts. According to the presentence investigation report (PSR) and the United States Sentencing Guidelines (USSG), Vazquez-Villa was subject to a base offense level of 38 and a criminal history category of I. The PSR applied a two-level enhancement because the offense involved the importation of methamphetamine, USSG § 2D1.1(b)(5)(A), and a four-level enhancement because Vazquez-Villa was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," *id.* § 3B1.1(a). This yielded a total offense level of 44, but the PSR correctly set Vazquez-Villa's total offense level as 43, because an "offense level of more than 43 is to be treated as an offense level of 43." USSG

ch. 5, pt. A, cmt. n.2. At this offense level, the USSG recommends a life sentence.

The district court accepted the PSR's findings but applied a downward variance and sentenced Vazquez-Villa to 25 years' concurrent custody on the first two counts, and four years' concurrent custody on the remaining eleven counts—for a total of 25 years' imprisonment.

## II. Discussion

On appeal, Vazquez-Villa argues the district court (1) erred in admitting evidence associated with the search of his vehicle; (2) erred in admitting testimony regarding threats to prosecution witnesses; and (3) issued a procedurally and substantively unreasonable sentence. After a thorough review of the record, we conclude all three arguments lack merit.

### A. *Suppression of Evidence*

Vazquez-Villa first contends a search of his vehicle was the result of an illegal traffic stop. He argues the officers lacked a reasonable suspicion to pull him over, and the resulting search and evidence gathered from the search should be suppressed.

In February 2009, after intercepting a phone call involving Vazquez-Villa, agents determined he was traveling in Kansas with a shipment of methamphetamine. Upon request from the KBI, local police located and stopped Vazquez-Villa's vehicle and deployed a drug dog, which alerted near the front of

-4-

the vehicle. An officer searched the vehicle but found nothing illicit and let Vazquez-Villa continue his drive. Shortly after the stop, however, KBI agents intercepted a call in which Vazquez-Villa told Molina, a known drug source, that the police had stopped him. The jury heard testimony regarding the traffic stop and Vazquez-Villa's conversation with Molina. The evidence supported the government's contention that Vazquez-Villa was involved in drug distribution.

Vazquez-Villa argues the admission of this testimony violated the Fourth Amendment and affected the trial's outcome. By not moving to suppress evidence relating to this traffic stop and vehicle search, however, Vazquez-Villa waived his right to appeal the district court's evidentiary decision. Under Federal Rule of Criminal Procedure 12(e), a party waives the right to seek suppression of evidence if he fails to file a pretrial motion to suppress pursuant to Rule 12(b)(3)(C). *See United States v. Burke*, 633 F.3d 984, 987–88 (10th Cir. 2011). "Accordingly, . . . Rule 12's waiver provision, not Rule 52(b)'s plain error provision, governs motions to suppress evidence, including specific arguments to suppress evidence, raised for the first time on appeal. Such motions and arguments are waived absent a showing of good cause for why they were not raised below." *Id.* at 991; *see also United States v. Hamilton*, 587 F.3d 1199, 1213 (10th Cir. 2009) ("When a motion to suppress evidence is raised for the first time on appeal, we must decline review.") (quotation omitted).

Here, because Vazquez-Villa has not suggested any reason why he failed to file a pretrial motion to suppress, he has waived the right to contest the district court's decision to admit evidence relating to the traffic stop.[1]

### B. Testimony Regarding Threats to Witnesses

Next, Vazquez-Villa argues the district court abused its discretion in permitting testimony regarding threats to prosecution witnesses. He asserts this testimony was more prejudicial than probative and should have been excluded under Federal Rule of Evidence 404(b). He specifically contends the testimony was only marginally relevant and was designed to inflame the passion of the jury.

Because Vazquez-Villa advances this argument for the first time on appeal, we review only for plain error.[2] *See* FED. R. CRIM. P. 52(b); *United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir. 2009). Under plain error review, we may not reverse unless we find "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *United States v. Balderama-Iribe*, 490 F.3d 1199, 1203–04 (10th Cir. 2007) (quotation omitted).

---

[1] Even absent waiver, evidence supported the reasonableness of the traffic stop, and no showing was made that the canine sniff prolonged the stop.

[2] Vazquez-Villa appropriately concedes that "no contemporaneous objection was made to the admission of [threat] evidence and thus it must be reviewed under the plain error standard." Aplt. Br. at 20.

Under the third prong, the error affects substantial rights only if it has affected the outcome of the district court proceedings. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1124 (10th Cir. 2005). Vazquez-Villa bears the burden of demonstrating plain error. *Id.*

Given this standard, the district court did not commit reversible error by admitting testimony regarding alleged threats to witnesses because (1) testimony regarding threats to Vazquez-Villa's brother-in-law was admissible under Federal Rule of Evidence 404(b), and (2) the admission of testimony regarding alleged threats to Jose Aranda-Meza, a governmental witness, was harmless and did not affect the outcome of the proceedings.

### 1. Testimony of Vazquez-Villa's Brother-in-Law

Vazquez-Villa's brother-in-law, a prosecution witness, testified that his sister threatened him in an attempt to dissuade him from testifying. According to the brother-in-law, his wife threatened that if he testified for the prosecution, he would never see his children again. Another prosecution witness corroborated this account. Vazquez-Villa purportedly told the witness that if his brother-in-law testified, "[Vazquez-Villa] would make sure that he lost his wife and his kids." R., Vol. V at 618.

The district court did not err in admitting this testimony. Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

-7-

conformity therewith." Under this rule, however, "[e]vidence of threats to a prosecution witness is admissible as showing consciousness of guilt if a *direct connection* is established between the defendant and the threat . . . ." *United States v. Smith*, 629 F.2d 650, 651 (10th Cir. 1980) (citations omitted) (emphasis added); *see also* FED. R. EVID. 404(b) (evidence of bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

Accordingly, we have held that "a defendant's threat against a potential witness is generally admissible under Rule 404(b)" because "such threats show the defendant's intent to prevent the witness from testifying, and are thus an implicit acknowledgment of the defendant's guilt." *United States v. Nichols*, 374 F.3d 959, 967 (10th Cir. 2004), *vacated on other grounds*, 543 U.S. 1113 (2005).

Because Vazquez-Villa is closely related to his sister and her husband, and because of the corroborating testimony, a "direct connection" existed between the threats and the defendant, and the content of the threats was evidence of Vazquez-Villa's "consciousness of guilt." *See Smith*, 629 F.2d at 652. Although the threat was made by Vazquez-Villa's sister, the threat was traceable to Vazquez-Villa, independently corroborated, and probative of Vazquez-Villa's guilt.

Thus, evidence regarding the threat to Vazquez-Villa's brother-in-law was admissible under Rule 404(b). Further, even if the district court did err in admitting the testimony, the error was not plain. Vazquez-Villa points to no

-8-

authority—and indeed, we find none—stating that testimony regarding threats of the sort made are categorically inadmissible. *See United States v. Wardell*, 591 F.3d 1279, 1297–98 (10th Cir. 2009) (to constitute plain error, the district court's decision must have been contrary to well-settled law of this circuit or the Supreme Court).

### 2. Testimony of Jose Aranda-Meza

The jury also heard that Vazquez-Villa indirectly threatened Jose Aranda-Meza, a governmental witness and one of Vazquez-Villa's close acquaintances. Aranda-Meza testified that, while in jail, an unidentified inmate told him Vazquez-Villa knew Aranda-Meza was "talking." R., Vol. IV at 460. In response, Aranda-Meza said he "had not talked yet" and called the inmate's suggestion "a lie." *Id.* The inmate then remarked, "You know how this is." *Id.* Aranda-Meza interpreted this as a threat, even though he did not know the identity of the person issuing the threat or the threat-maker's relationship to Vazquez-Villa. Nothing the inmate said directly connected the threat to Vazquez-Villa, and further, it is was not clear from Aranda-Meza's testimony whether the exchange unequivocally constituted a threat. Aranda-Meza acknowledged on the stand that the inmate did not threaten violence.

Even if the district court 's decision to admit this testimony was erroneous, the testimony did not affect the outcome of the trial. Under the third prong of the plain error standard, a defendant must show the error prejudices "substantial

rights" by affecting the outcome of the district court proceedings. *Morales-Fernandez,* 418 F.3d at 1124. The record here demonstrates Aranda-Meza's threat-related testimony was, at most, a marginal aspect of the government's case, and in any event it did not send a clear message to the jury that Vazquez-Villa threatened a prosecution witness. It suggested only that Aranda-Meza had some fear of reprisal for his testimony. Vazquez-Villa himself acknowledges Aranda-Meza testified in a "convoluted fashion," and it is plain the jury would have had to make a significant inferential leap before concluding Vazquez-Villa threatened Aranda-Meza. *See* Aplt. Br. at 21.

Most importantly, any improper inference the jury may have drawn from the testimony was rendered inconsequential by the overwhelming evidence inculpating Vazquez-Villa—including the detailed testimony of many prosecution witnesses, recordings of wiretapped conversations, and physical evidence seized from Vazquez-Villa's property. As a result, Vazquez-Villa suffered no prejudice from Aranda-Meza's testimony.

Finally, it is clear from the record that Aranda-Meza's testimony did not prejudice the district court's sentencing decision. In sentencing Vazquez-Villa, the district court explicitly disregarded testimony regarding threats to witnesses, and it applied a significant downward variance. For these reasons, Vazquez-Villa has not shown the district court committed plain error.

## C. Reasonableness of Vazquez-Villa's Sentence

Finally, Vazquez-Villa challenges the reasonableness of his 25-year sentence. He contests the PSR's factual findings, as adopted by the district court, and he argues his sentence was too severe, in light of the 18 U.S.C. § 3553(a) factors. These arguments are unavailing.

Our review for reasonableness encompasses both a procedural component, where we assess the district court's application of the USSG and its calculation of the sentencing range, as well as a substantive component, where we consider the length of the sentence imposed. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

### 1. Procedural Reasonableness

The PSR held Vazquez-Villa accountable for 18.32 kilograms of methamphetamine, which corresponded to a base offense level of 38. In addition, the PSR added a two-level enhancement because Vazquez-Villa's offense involved the importation of methamphetamine from Mexico, USSG § 2D1.1(b)(4)(A), and a four-level enhancement because Vazquez-Villa was an "organizer or leader" of criminal activity that involved five or more participants,

*id.* § 3B1.1(b). The district court adopted the PSR's factual findings and recommendations, and it accordingly calculated Vazquez-Villa's total offense level as 43, which resulted in an advisory sentence of life imprisonment. Nevertheless, the district court applied a significant downward variance under § 3553(a) and sentenced Vazquez-Villa to 25 years' imprisonment.

During sentencing, Vazquez-Villa did not object to his sentence or the facts found in the PSR, but he now claims the district court's offense-level and guidelines calculations were factually unsupportable. Specifically, Vazquez-Villa claims he should have been held liable for at most 9.03 kilograms of methamphetamine—and perhaps fewer than 5 kilograms—and further that neither of the enhancements applied by the district court were based in fact.

Because Vazquez-Villa did not contest the district court's factual findings during sentencing, he has waived his right to appeal this issue. Federal Rule of Criminal Procedure 32 "requires the defendant to affirmatively point out any fact in the PSR that he contends is inaccurate. Absent an objection to the PSR, the district court may accept any undisputed portion of the presentence report as a finding of fact." *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (quotation omitted). Thus, if a defendant fails to object to the facts stated in the PSR, we "will deem him to have waived any dispute regarding the facts set forth in the PSR." *United States v. West*, 550 F.3d 952, 957 n.3 (10th Cir. 2008) (emphasis added), *overruled on other grounds as recognized in United States v.*

-12-

*McConnell*, 605 F.3d 822 (10th Cir. 2010); *see also United States v. Wolfe*, 435 F.3d 1289, 1299 (10th Cir. 2006).

Accordingly, it is clear that "factual disputes regarding sentencing not brought to the attention of the district court do not rise to the level of plain error." *United States v. Lewis*, 594 F.3d 1270, 1288 (10th Cir. 2010), *cert. denied*, 130 S. Ct. 3441 (2010). "While we have reviewed sentencing errors that were not raised in the district court under a plain error standard, plain error review is not appropriate when the alleged error involves the resolution of factual disputes." *United States v. Smith*, 531 F.3d 1261, 1270 (10th Cir. 2008) (quotation omitted). We have recognized an exception to this rule only "when the appellant can establish the certainty of a favorable finding on remand." *Lewis*, 594 F.3d at 1288.

The present case is paradigmatic of the logic behind this waiver rule. If Vazquez-Villa had raised his sentencing objections below, the district court could have heard evidence and made findings regarding the factual questions at issue. Because he did not object, however, the government did not present evidence and therefore we are faced with an insufficiently developed record that provides us no basis to call into question the district court's approach to sentencing. Further, Vazquez-Villa has not come close to showing with certainty that he would benefit from a favorable finding on remand. For these reasons, we find Vazquez-Villa's

procedural challenges raise factual questions unsusceptible to appellate review. Plain error review is inappropriate and Vazquez-Villa's argument is waived.

Moreover, even if we were not to consider Vazquez-Villa's arguments waived, we would still conclude, under plain error analysis, that the district court did not err in adopting the factual findings of the PSR. As explained, the record on appeal is sparse and does nothing to call into question the PSR's detailed account of the drug quantity attributable to Vazquez-Villa. Likewise, nothing in the record calls into question the PSR's findings, which were supported by intercepted conversations and witness testimony, that Vazquez-Villa was a leader in a significant drug organization that imported methamphetamine from Mexico.[3]

For these reasons, Vazquez-Villa's sentence is procedurally reasonable.

### 2. Substantive Reasonableness

Without offering any analysis, Vazquez-Villa contends his 25-year sentence is substantively unreasonable because it "is more than what should have been

---

[3] Despite conceding that "there may have been more than five participants involved in [his] criminal activity," Aplt. Br. at 26, Vazquez-Villa argues that he should have been classified only as a "manager or supervisor," which merits a two-level enhancement under USSG § 3B1.1(c), rather than as an "organizer or leader," which merits a four-level enhancement under § 3B1.1(a). This is a factually dependent claim, and because Vazquez-Villa did not object at sentencing, the record is insufficiently developed to give us any basis to say that the district court committed plain error on this point. We also have no reason to question the district court's finding that Vazquez-Villa imported methamphetamine, such that he was subject to a two-level enhancement under USSG § 2D1.1(b)(4)(A). Indeed, the court heard ample evidence that Vazquez-Villa obtained methamphetamine from Mexico.

calculated under the guideline range and is simply unreasonable." Aplt. Br. at 28. This contention is belied by the record, which shows Vazquez-Villa received a sentence tailored to the facts of his crimes, based on a conscientious consideration of the § 3553(a) factors.

We review the substantive reasonableness of a defendant's sentence for abuse of discretion. *See United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007). Under this deferential standard, we may overturn Vazquez-Villa's sentence only if the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). In this regard, we assess whether Vazquez-Villa's sentence is reasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotation omitted).

A sentence within a properly calculated guidelines range is presumed to be reasonable. *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008). Vazquez-Villa's sentence was outside the guideline range—but this worked to his advantage. Indeed, even though the suggested sentence for a level-43 offense is life imprisonment, the district court applied a significant downward variance and sentenced Vazquez-Villa to only 25 years' imprisonment. The court applied this variance because it concluded the PSR failed to account for the appellant's "lack of criminal history, put[] undue weight on the quantity-driven Guideline

-15-

calculations, and overstate[d] the seriousness of the offense due to the nature of the investigation and due to the attenuated links with an independent drug distribution operation." R., Vol. VI at 989. This was not an abuse of discretion.

We therefore affirm the sentence imposed by the district court.

### III. Conclusion

For the reasons discussed above, we AFFIRM Vazquez-Villa's conviction and sentence.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge