**UNITED STATES COURT OF APPEALS** August 10, 2011

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

NEWTON O. BEY,

        Defendant-Appellant.

No. 11-3021
(D.C. No. 2:94-CR-20075-001-KHV)
(D. of Kan)

## ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Newton Bey was sentenced to a 12-month prison term after he violated the conditions of his supervised release for a second time. He now contends this sentence was unreasonable because the district court did not order a psychological evaluation before sentencing. We conclude Bey's sentence was procedurally reasonable.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

In 1995, Bey pleaded guilty to one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). He was initially sentenced to a total of 195 months' imprisonment, but his sentence was later reduced to 168 months' imprisonment pursuant to an amendment to the crack cocaine sentencing guidelines. Because he had already served at least 168 months, Bey's sentence was reduced to time served and he was released from custody subject to supervised release.

Bey subsequently violated the terms of his supervised release by abusing cocaine, failing to report to treatment, failing to report to his probation officer, and failing to stay employed. The district court responded by revoking his supervised release and imposing a nine-month prison term, to be followed by a three-year term of supervised release. After serving this new prison term, Bey again violated his supervised release by lying to the probation officer, possessing a controlled substance, using cocaine and marijuana, and refusing to submit to drug testing.

The district again court revoked Bey's supervised release. After considering Bey's objections and reviewing the 18 U.S.C. § 3553(a) factors, the court sentenced him to a term of imprisonment of 12 months and one day,

followed by 15 months of supervised release.[1] The supervised release included a mandatory stay at a half-way house for substance abuse treatment. The court ordered this treatment in response to a request from Bey (which he later retracted).

Important to this appeal, Bey's counsel also asked the court to defer its revocation decision and sentencing until it could analyze whether Bey suffered from psychological issues. The court declined to do so, and Bey did not object when the district court imposed the sentence without considering a psychological evaluation.

## II. Discussion

Bey contests the procedural reasonableness of his sentence. Specifically, he contends the district court erred when it revoked his supervised release and ordered a prison term without first granting his request for a psychological evaluation. According to Bey, by failing to order or consider a psychological evaluation, the district court could not address his need for medical care and other correctional treatment—a factor it was required to consider under § 3553(a).

Because Bey did not object to the district court's failure to order and consider a psychological examination, we review only for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir. 2009).

---

[1] The court originally intended to impose a 12-month sentence, but Bey asked for an additional day so he would be eligible to earn good time credit.

Under plain error review, we may not reverse unless we find "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *United States v. Balderama-Iribe*, 490 F.3d 1199, 1204 (10th Cir. 2007) (quotation omitted). Bey bears the burden of demonstrating plain error. *Id.*

Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his supervised release, the district court may revoke the term of supervised release and impose prison time. In so doing, the district court must consider the factors set forth in § 3553(a). *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) ("[F]ailing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence [are] forms of procedural error." (quotation omitted)). In particular, the court must consider the policy statements in Chapter 7 of the United States Sentencing Guidelines (USSG).[2] *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004). Under these standards, relevant considerations include:

> The nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most

---

[2] "Th[e] policy statements recommend a range of imprisonment upon revocation of supervised release and are advisory rather than mandatory." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (quotation omitted).

effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*United States v. Cordova*, 461 F.3d 1184, 1188–89 (10th Cir. 2006) (quotations omitted). In weighing the relevant factors, the court need not recite each factor or discuss them in detail; it may address the factors "en masse." *See United States v. Penn*, 601 F.3d 1007, 1011 (10th Cir. 2010); *Cordova*, 461 F.3d at 1188–89. Indeed, we require neither "magic words" nor "ritualistic incantation[s]" to affirm a sentence. *Penn*, 601 F.3d at 1011.

After a careful review of the record, we find the district court's revocation of Bey's supervised release and imposition of a new prison term was a reasonable decision supported by a conscientious consideration of the § 3553(a) factors. Specifically, in sentencing Bey, the court noted his repeated criminal offenses, which counseled toward imposing a term of imprisonment at the high end of the 6-to-12 month range suggested by the USSG. Additionally, the court expressly addressed the defendant's serious drug issues—and his stated need and desire for drug treatment—by requiring that six months of Bey's supervised release be served in a half-way house treatment program. The court even gave Bey the extra day of imprisonment he requested, so that he would be eligible for good time credits. We note more generally that the district court provided a lengthy and well-reasoned explanation for imposing the 12-month sentence. In sum, before revoking Bey's supervised release and imposing a sentence, the court considered

the nature and circumstances of the offense, Bey's history and characteristics, the need to provide him with medical care and other correctional treatment, and other pertinent guidelines and policy statements under § 3553(a) and the USSG.

Moreover, Bey points to no authority—and we find none—suggesting the district court was required to order and consider a psychological evaluation before sentencing Bey. For this reason alone, any error by the district court could not have been plain. *United States v. Story*, 635 F.3d 1241, 1248 (10th Cir. 2011) ("[F]or an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue."); *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (to show plain error, a defendant must establish that an error, if it occurred, was not "clear or obvious under current law").

Having determined the district court properly considered the factors it was bound to review under §§ 3553(a) and 3583(e), we have no difficulty finding Bey's sentence was procedurally reasonable under the circumstances presented in this case.

### III. Conclusion

For the reasons discussed above, we AFFIRM.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-6-