FILED
United States Court of Appeals
Tenth Circuit

September 15, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THERESIA RENEE BREEN,

    Plaintiff - Appellant,

v.

JAMIE BLACK; ALLYSON BLACK,

    Defendants - Appellees.

No. 16-8105
(D.C. No. 1:15-CV-00168-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

After contentious divorce and child custody proceedings, Theresia Renee Breen filed this lawsuit against her ex-husband, Jamie Black, and his wife, Allyson Black. She raised a variety of claims, including civil stalking, tortious interference with existing business relations, slander, and libel. The district court entered a summary judgment in favor of the Blacks on all claims, citing Breen's failure to provide sufficient admissible evidence to support her allegations. We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Conversely, "[t]o avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). The nonmovant must identify sufficient evidence pertinent to the material issues of the case; "[c]onclusory allegations . . . will not suffice." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) (internal quotation marks omitted). A motion for summary judgment improvidently denied is equally inappropriate as one improvidently granted.

Breen makes three arguments on appeal. She first tells us the Blacks did not meet their initial burden to make "a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). We see it differently. Because the Blacks will not bear the burden of persuasion at trial, they can meet their initial burden "simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *See id.* at 671. The Blacks satisfied this standard by delineating the elements of the claims in their summary judgment motion and asserting a lack of admissible evidence to support

2

those elements. The burden then shifted to Breen to go beyond her pleadings by setting forth facts, in the form of affidavits, deposition transcripts, or other documents listed in Fed. R. Civ. P. 56. *See Adler*, 144 F.3d at 671. Those facts must not only be admissible as evidence, but must reveal a genuine dispute as to a material fact. Fed. R. Civ. P. 56(c).

In her second argument, Breen contests the fairness of the summary judgment hearing. After she filed an opposition brief, the district judge allowed both sides to present further arguments at a motions hearing. There, the Blacks challenged the admissibility of Breen's evidence (which consisted largely of her own affidavit) on hearsay and foundational grounds. Feeling "sandbagged," Aplt. Corrected Opening Br. at 10, Breen contends the Blacks should have raised this challenge in their opening brief; she also faults the district judge for not giving her an adequate opportunity to respond. Her first contention is a non-starter—the Blacks could not have challenged the admissibility of the affidavit's contents in their opening brief because Breen's affidavit was not then available; it appeared only *after* the Blacks' brief was filed. Moreover, the admissibility of Breen's "evidence" was a legitimate topic: affidavits used to oppose summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). With respect to the second contention, the hearing transcript shows Breen was

afforded an adequate opportunity to present and support her claims and even to correct numerous citation deficiencies in her opposition brief.

Finally, Breen insists she established genuine issues of material fact sufficient to preclude summary judgment. That is hardly the case. In its summary judgment order, the district judge went through the elements of each claim and carefully explained why Breen had not provided sufficient admissible evidence to support any claim or to create a genuine dispute of material fact, taking into account the applicable statutes of limitation. We have nothing to add to that thorough and cogent analysis.

We affirm the summary judgment on all claims. In addition, we deny Breen's motion to supplement the appellate record with deposition excerpts not included in the district court record. "[W]e conduct [our] review from the perspective of the district court at the time it made its ruling," reviewing only those materials adequately brought to the judge's attention. *Adler*, 144 F.3d at 671; *see, e.g.*, *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1474-76 & n.4 (10th Cir. 1993) (declining to consider deposition transcripts because they were not before the district judge who made the summary judgment ruling). We have "an inherent equitable power to supplement the record on appeal with matters that were not before the district court," *United States v. Balderama-Iribe*, 490 F.3d 1199, 1202 n.4 (10th Cir. 2007) (internal quotation marks omitted), but Breen has not persuaded us such a "rare exception" to Federal Rule of

4

Appellate Procedure 10(e) is appropriate here, *see United States v. Kennedy*,

225 F.3d 1187, 1192 (10th Cir. 2000).

Entered for the Court

Terrence L. O'Brien
Circuit Judge